■ In the Matter of ROBERT J. O'NEILL, Respondent, v CITY OF SCHENECTADY et al., Appellants. [599 NYS2d 660] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered August 6, 1992 in Schenectady County, which partially granted petitioner's application, in a proceeding pursuant to CPLR 78, to, *inter alia,* vacate respondents' determination to terminate petitioner from his employment as a police officer.

In 1984, petitioner, a police officer, commenced a declaratory judgment action against respondent City of Schenectady and its Mayor to determine his entitlement to benefits pursuant to General Municipal Law § 207-c. Following a nonjury trial, Supreme Court entered judgment on August 28, 1985 which declared that petitioner was eligible for General Municipal Law § 207-c benefits and included a decretal paragraph directing that "upon a proper showing by [the] City, further psychological testing may be ordered". The City failed to perfect its appeal of the August 27, 1985 judgment, but in a postjudgment motion brought on by order to show cause dated December 17, 1986 the City sought to compel petitioner to submit to an examination and unsuccessfully sought to vacate

the provision in the judgment requiring court approval for further medical examinations.

Respondents' attempts to retire petitioner were rebuffed by the State Comptroller. Following a hearing, the Comptroller determined on September 8, 1987 that petitioner's disability was caused by a preexisting condition and not a disability sustained in service as a police officer, as defined by the Retirement and Social Security Law, and that petitioner was not entitled to disability incurred in performance of duty retirement benefits. The CPLR article 78 proceeding commenced by the City to annul the Comptroller's determination was transferred to this Court pursuant to CPLR 7804 (g) but never perfected.

Against this background and following petitioner's submission to an examination scheduled by respondents' physician on January 24, 1991 in connection with yet another retirement application, by letter dated June 19, 1991 respondents directed petitioner to appear for an examination on July 12, 1991. Counsel informed respondents that petitioner was unavailable on the scheduled date, complained of harassment and suggested that respondents should make application for a court-ordered examination. On September 25, 1991, the Mayor terminated petitioner's General Municipal Law § 207-c (1) benefits because of his failure to attend the scheduled medical examination. In this CPLR article 78 proceeding challenging the termination, Supreme Court annulled the determination finding, *inter alia,* that petitioner was justified in his insistence on a court order for further medical examinations, that petitioner neither refused nor waived his rights to General Municipal Law § 207-c benefits, and that the termination of eligibility was arbitrary and capricious.

Respondents contend on this appeal that they are entitled to rely upon General Municipal Law § 207-c (1), which states in relevant part, "Any injured or sick policeman who * * * shall refuse to permit medical inspections as herein authorized, including examinations pursuant to subdivision two of this section, shall be deemed to have waived his rights". General Municipal Law § 207-c (2) relates to retirement applications. We do not disagree but note that petitioner never refused to submit to medical inspections or examinations. Moreover, he was entitled to rely upon the August 27, 1985 judgment and the interpretation placed thereon by the parties over the course of several years. Nor is there merit to respondents' contentions that the wording of the subject decretal paragraph does not require a "court" order. Accordingly,

because petitioner's nonappearance for personal reasons was neither a refusal nor a waiver, we must affirm Supreme Court's determination that the termination was arbitrary and capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). We reach no other issue.

Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.